**Signed as modified by the Court.**

**This order is SIGNED.**

**Dated: December 15, 2016**

*Kevin R. Anderson*
**KEVIN R. ANDERSON**
**U.S. Bankruptcy Judge**

Adam S. Affleck, Esq. (#5434), asa@princeyeates.com
T. Edward Cundick, Esq. (#10451), tec@princeyeates.com
**PRINCE, YEATES & GELDZAHLER**
A Professional Corporation
15 W. South Temple, Ste. 1700
Salt Lake City, UT 84101
Telephone: (801) 524-1000
Fax: (801) 524-1098

Prospective Attorneys for The Kirk LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**Central Division**
Central Division

| In re: | Bankruptcy No. 16-26470 |
|---|---|
| **THE KIRK LLC** | (Chapter 11) |
| Debtor. | Honorable Kevin R. Anderson |
| | [filed electronically] |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 9, 2016, the Court held a hearing to consider final approval of the Disclosure Statement dated November 10, 2016 (the **"Disclosure Statement"**), which was provisionally approved by order entered on November 10, 2016 (docket no. 72), and confirmation of the First Amended Chapter 11 Plan Dated November 10, 2016 (the **"Plan,"**

1

Case 16-26470    Doc 81    Filed 12/15/16    Entered 12/15/16 14:29:55    Desc Main
           Document      Page 2 of 10

Exhibit A to docket no. 68) filed by The Kirk LLC (the "**Debtor**"). Ted Cundick appeared on behalf of the Debtor. Quinn Sperry appeared on behalf of MRZ Investments, LLC. James Cameron appeared on behalf of the United States Trustee. All other appearances were noted on the record.

The Court considered the Disclosure Statement and Plan, the Ballot Summary filed on December 8, 2016, the representations and arguments of counsel, and the evidence presented and proffered at the hearing. Noting the absence of any timely-filed objections, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The Kirk, LLC is the corporate debtor and debtor-in-possession in the above-referenced case, having filed a voluntary petition on July 26, 2016.

2. The Court fixed December 6, 2016 as the last day to object to the plan or timely return ballots to Debtor's counsel, pursuant to Fed. R. Bankr. P. 3017(c) and 3018(a).

3. Ballots approving the plan were submitted by MRZ Investments, LLC, David Carscadden, and Garth Jones. No ballots voting against the plan were submitted.

4. No objections to either final approval of the Disclosure Statement or confirmation of the Plan were submitted by any party.

5.     The Disclosure Statement contains adequate information to allow creditors to make an informed judgment about the Plan.

6.     Bankruptcy Code § 1129 contains the standards for confirmation of a plan under Chapter 11.

7.     Section 1129(a)(1) requires a plan to comply with the applicable provisions of Title 11. Sections 1122 and 1123 govern proper classification of claims and interests, and other elements either required or permitted in confirmable plans. The plan complies with the applicable provisions of Title 11, as required by § 1129(a)(1), for reasons including the following:

  a. In designating classes U1 through U3, S1 through S3, and I in Article 3 of the Plan, the Debtor has properly classified claims under §§ 1122 and 1123(a)(1).

  b. The Plan properly identifies classes S2, S3, U1, U2, and I as classes that are unimpaired under the plan, as required by § 1123(a)(2).

  c. The Plan properly identifies classes S1 and U3 as classes that are impaired under the plan, as required by § 1123(a)(3), and properly specifies treatment of those classes.

  d. The Plan complies with § 1123(a)(4), by providing for consistent treatment of similarly classified claims.

      e. The Plan complies with § 1123(a)(5), by providing in Article 6 of the Plan for adequate means of the Plan's implementation.

      f. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders, and with public policy, with respect to the manner of selection of officers and directors and their successors, and therefore complies with § 1123(a)(7).

8. Section 1129(a)(2) requires the proponent of a plan to comply with all applicable provisions of Title 11. The Plan complies with § 1129(a)(2) for reasons including the following:

      a. The Debtor has sought and obtained court approval on the adequacy of its Disclosure Statement, which was circulated with the Plan.

      b. The Disclosure Statement, Plan, and where appropriate, ballots, were adequately circulated to the appropriate parties on November 15, 2016 (see docket no. 74).

      c. The Debtor did nothing to solicit votes in favor of the Plan without first providing creditors with a copy of the Plan and provisionally approved Disclosure Statement.

9. Section 1129(a)(3) requires that a plan be proposed in good faith and not by any means forbidden by law. The Plan complies with § 1129(a)(3) for reasons including the following:

    a. The Debtor has undertaken this bankruptcy case for the purpose of effecting a reorganization.

    b. The Debtor desires to reorganize in order to resolve, through new consensual borrowing, the prepetition debts and their negative effect on the Debtor's ability to continue to operate as a going concern.

    c. The Debtor has proposed this plan in good faith.

10. Section 1129(a)(4) requires that all payments made by debtors or their related entities for services or costs in connection with the case be approved by the Court. The Plan complies with the requirements of § 1129(a)(4) because all payments made by the Debtor or its insiders for services or costs in connection with the case have been, or will be, approved by the Court as reasonable.

11. Section 1129(a)(5) requires disclosure of the identity and affiliations of any individuals proposed to serve as officers or directors of the reorganized debtor, and their salaries if they are insiders. The Plan complies with the requirements of § 1129(a)(5) because the Plan provides that Andrew Patten may continue to serve as CRO of the Debtor, and that eventually the members of the Debtor may elect to terminate Mr. Patten and

replace him with David Carscadden as a managing member. Although Mr. Carscadden's potential salary is not disclosed, the Plan still complies materially with the code because Mr. Carscadden will not replace Mr. Patten until all non-insider creditors have been paid pursuant to the Plan.

12. Section 1129(a)(6) is inapplicable in this case because the Debtor's rates are not regulated by any governmental regulatory commission.

13. Section 1129(a)(7) is inapplicable in a case such as this, where all creditors have either voted in favor of the Plan, or are unimpaired by the Plan.

14. Section 1129(a)(8) requires a plan proponent to either obtain acceptances from a certain ratio of the votes submitted in each impaired class, or meet the additional requirements contained in §1129(b). The Debtor's Plan complies with §1129(a)(8) because all creditors have either voted in favor of the Plan, or are unimpaired by the Plan.

15. Section 1129(a)(9) requires that certain administrative and priority claims be paid in full on the effective date of a plan. The Plan provides for full payment of all administrative expenses and priority claims on or before the effective date of the Plan (or upon Court approval, if necessary), and therefore complies with § 1129(a)(9).

16. Section 1129(a)(10) requires that at least one impaired class accept the plan. As stated above, all impaired classes have accepted the Plan, in satisfaction of the requirement of § 1129(a)(10).

17. Section 1129(a)(11) prohibits confirmation of a plan that is likely to lead to a liquidation or further reorganization. The Plan satisfies the requirements of § 1129(a)(11) for the following reasons:

   a. Andrew Patten's proffered testimony establishes, and the Court finds, that the plan is feasible based on the likely income and expenses of the Debtor going forward.

   b. The Debtor has arranged to borrow money, pursuant to the Plan, to address unforeseen contingencies that might otherwise have forced a subsequent liquidation or reorganization.

18. Section 1129(a)(12) requires payment of all filing fees and U.S. Trustee fees set forth in 28 U.S.C. § 1930 prior to confirmation. The Debtor has paid all fees due in this case.

19. Section 1129(a)(13) requires certain plan treatment for all retiree benefit obligations of the debtor. The Debtor has no retiree benefit obligations, either that arose prepetition or that arise under the Plan, and therefore § 1129(a)(13) does not bar confirmation of the Plan.

20. Section 1129(a)(14) requires certain treatment of domestic support obligations. The Debtor is not liable for any domestic support obligations, and therefore § 1129(a)(14) does not bar confirmation of the Plan.

21. Section 1129(a)(15) pertains only to individual debtors. The Debtor is a limited liability company debtor, and therefore not subject to the requirements of § 1129(a)(15).

22. Section 1129(a)(16) requires that all transfers of property under the plan be made in accordance with applicable non-bankruptcy law. All transfers of property under the Plan shall be so made, and therefore the Plan complies with the requirements of § 1129(a)(16).

## CONCLUSIONS OF LAW

1. To the extent any of the above-stated facts are determined to be conclusions of law, they are incorporated as such; to the extent any of the below-stated conclusions are determined to be statements of fact, they are incorporated as such.

2. This Court has jurisdiction to consider confirmation of the Plan (which is a core proceeding) pursuant to 28 U.S.C. §157 and 1334.

3. Notice of the hearing on confirmation was proper and appropriate, as was notice of the deadlines to submit ballots or oppose confirmation of the Plan.

4. When a class is unimpaired, it is deemed to have accepted the Plan. 11 U.S.C. § 1126(f).

5. All classes under the Plan have accepted the Plan.

6.      When a plan of reorganization satisfies each of the requirements of § 1129(a), the court shall confirm the plan without considering § 1129(b).

7.      Based upon the above-stated findings of fact, the Plan complies with all the provisions of § 1129 and other Bankruptcy Code provisions incorporated thereunder.

Wherefore, the requirements for confirmation of the Plan are met, and an appropriate order will be entered confirming the Plan.

---

**-END OF DOCUMENT-**

## **DESIGNATION OF PARTIES TO RECEIVE NOTICE**

Service of the foregoing Findings of Fact and Conclusions of Law shall be served to the parties and in the manner designated below:

By electronic service: I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- **Adam S. Affleck**     asa@pyglaw.com, debbie@princeyeates.com; docket@princeyeates.com
- **Laurie A. Cayton tr**     laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Suzanne.Verhaal@usdoj.gov
- **T. Edward Cundick**     tec@princeyeates.com, docket@princeyeates.com; pam@princeyeates.com
- **Quinn A. Sperry**     Quinn@morrissperry.com, sydney@morrissperry.com
- **United States Trustee**     USTPRegion19.SK.ECF@usdoj.gov

/s/T. Edward Cundick